# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
TROOPER 1,

                  Plaintiff,

           v.

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA and RICHARD
AZZOPARDI,

                  Defendants.
----------------------------------------------------------- X

Case No.: 22-cv-00893 (LDH)(TAM)

## PLAINTIFF'S RULE 26(a) INITIAL DISCLOSURES

Plaintiff Trooper 1 ("Plaintiff" or "Trooper 1"), by and through her undersigned counsel, hereby submits the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to Defendants New York State Police ("NYSP"), Andrew Cuomo ("Cuomo" or the "Governor"), Melissa DeRosa ("DeRosa") and Richard Azzopardi ("Azzopardi") (collectively, "Defendants").

In making these disclosures, Plaintiff does not intend to represent affirmatively or otherwise concede that specific information or materials disclosed will, in fact, be used to support her claims in this matter, that any individuals identified necessarily have discoverable information that Plaintiff may use to support her claims, or that any of the documents produced or described are admissible or will be used by Plaintiff to support her claims. Rather, the disclosures are made in a good faith effort to disclose all categories of documents that Plaintiff may use to support her claims in this litigation and persons who may have discoverable information that Plaintiff may use to support her claims. Plaintiff expressly reserves the right to object to the production and/or admissibility of disclosed documents or testimony on the basis of privilege, relevance, or otherwise, as appropriate.

Plaintiff has not yet engaged in discovery. The disclosures hereinafter are based on Plaintiff's knowledge, information, and belief at this time and are made without prejudice to the foregoing and following reservations and objections. Plaintiff specifically reserves the right to amend and/or supplement her disclosures herein at any time or to introduce facts not contained herein if it should appear at any time that omissions or errors have been made or if Plaintiff obtains additional or more accurate information. Plaintiff further reserves the right to rely upon such facts, and persons having knowledge of such facts, as may be derived through future discovery or through continuing investigation in this matter or as may be adduced at trial.

**Disclosure A:** The name and, if known, the address and telephone number of each individual likely to have discoverable information that may support Plaintiff's claims, identifying the subjects of the information.

**Response to Disclosure A:**

Plaintiff has yet to engage in discovery and, therefore, is not fully aware of information possessed by certain individuals, and/or the identity of all relevant individuals. Subject to the foregoing, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), as well as reserving Plaintiff's right to supplement this disclosure and/or to rely on any individuals disclosed by Defendants, Plaintiff identifies the following individuals:

1. **Trooper 1**
   c/o Wigdor LLP
   85 Fifth Avenue, Fifth Floor
   New York, NY 10003
   (212) 257-6800

Plaintiff Trooper 1 has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint (Dkt. No. 7) filed in this action ("Amended Complaint") (ii) the relevant events that occurred while she was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices, and/or policies; (iv) the discriminatory and retaliatory

conduct to which she was subjected during her employment with Defendants; and (v) the damages she has suffered as a result of the Defendants' unlawful conduct.

2. **Andrew Cuomo**
c/o Glavin PLLC
156 West 56th Street, Suite 2004
New York, NY 10019
(646) 693-5505

Plaintiff believes that Defendant Andrew Cuomo has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Defendant Andrew Cuomo; (ii) the relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices, and/or policies; and/or (iv) the discriminatory and retaliatory conduct to which Plaintiff was subjected during her employment with Defendants.

3. **Melissa DeRosa**
c/o Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Ave
New York, NY 10017
(212) 856-9530

Plaintiff believes that Defendant Melissa DeRosa has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Defendant DeRosa; (ii) the relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices, and/or policies; and/or (iv) the discriminatory and retaliatory conduct to which Plaintiff was subjected during her employment with Defendants.

4. **Richard Azzopardi**
c/o Morvillo Abramowitz Grand Iason & Anello P.C.
565 Fifth Ave
New York, NY 10017
(212) 856-9530

Plaintiff believes that Defendant Richard Azzopardi has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Defendant Azzopardi.

5. **Diana Parrotta**
(address and telephone number unknown)

Plaintiff believes that the PSU Trooper in Compl. ¶ 38 has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to PSU Trooper in Compl. ¶ 38 and ¶ 47; (ii) the relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices, and/or policies; and/or (iv) the discriminatory and retaliatory conduct to which Plaintiff was subjected during her employment with Defendants.

6. **Lindsey Boylan**
(address and telephone number unknown)

Plaintiff believes that Lindsey Boylan has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Boylan; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

7. **Brittany Commisso**
(address and telephone number unknown)

Plaintiff believes that Brittany Commisso has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the

4

allegations as they relate to Commisso; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

8. **Alyssa McGrath**
    (address and telephone number unknown)

Plaintiff believes that Alyssa McGrath has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to McGrath; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

9. **Charlotte Bennett**
    (address and telephone number unknown)

Plaintiff believes that Charlotte Bennett has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Bennett; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

10. **Ana Liss**
    (address and telephone number unknown)

Plaintiff believes that Ana Liss has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Liss; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

11. **Kaitlin**
    Former Employee, Executive Chamber
    (address and telephone number unknown)

Plaintiff believes that Kaitlin has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as

they relate to Kaitlin; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

    12.    **Virginia Limmiatis**
             (address and telephone number unknown)

Plaintiff believes that Virginia Limmiatis has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Limmiatis; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

    13.    **Anna Ruch**
             (address and telephone number unknown)

Plaintiff believes that Anna Ruch has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Ruch; (ii) Defendants' personnel and employment decisions, practices, and/or policies.

    14.    **Chris Cuomo**
             (address and telephone number unknown)

Plaintiff believes that Chris Cuomo has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Chris Cuomo.

    15.    **James Boyle**
             Chief Administrative Superintendent, NYSP
             (address and telephone number unknown)

Plaintiff believes that James Boyle has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Boyle; (ii) the relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices,

and/or policies; and/or (iv) the discriminatory and retaliatory conduct to which Plaintiff was subjected during her employment with Defendants.

    16.    **Vincent J. Straface**
              Lieutenant and Detail Commander, NYSP
              (address and telephone number unknown)

Plaintiff believes that Lieutenant Vincent J. Straface has knowledge concerning, *inter alia*, (i) the allegations set forth in the Amended Complaint and Answers, including, but not limited to, the allegations as they relate to Straface; (ii) the relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices, and/or policies; and/or (iv) the discriminatory and retaliatory conduct to which Plaintiff was subjected during her employment with Defendants.

    17.    **Fabricio Plaskocinski**
              NYSP
              (address and telephone number unknown)

Plaintiff believes that Fabricio Plaskocinski has knowledge concerning relevant events that occurred while Plaintiff was employed by Defendants.

    18.    **All Other Witnesses Named or Interviewed by Either the State Attorney General or the State Assemblies in Preparing their Reports**

Plaintiff believes these individuals will have further information relevant to the practices and policies of the employer's and Trooper 1's allegations.

**Disclosure B:**  A copy of, or description by category and location, of all documents, electronically stored information, and tangible things that are in Plaintiff's possession, custody, or control that Plaintiff may use to support her claims.

**Response to Disclosure B:**

Plaintiff has yet to engage in discovery and, therefore, is not in possession of all documents, data compilations, and tangible things that may be used to support her claims. Many of the documents pertaining to Plaintiff's claims are in the possession of Defendants. Subject to

the foregoing, and reserving Plaintiff's right to supplement this disclosure, and to rely upon documents, data compilations, and other tangible things disclosed by Defendants, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), Plaintiff identifies the following documents:

1. The documents being produced with these initial disclosures, consisting of relevant emails and employment-related certificates from Trooper 1.

2. The Attorney General Report and the New York State Assembly Reports ("the Reports") of Governor Cuomo's conduct.

3. All transcripts and other evidence supporting the Reports.

4. A recording of Governor Cuomo's resignation speech.

5. Further relevant emails and correspondence related to Trooper 1's employment stored on the New York State Police's servers, also in the possession of Defendant New York State Police.

Plaintiff reserves the right to supplement this response pursuant to Fed. R. Civ. P. 26(e) and to rely on documents identified and/or produced by Defendants.

**Disclosure C:** A computation of any category of damages claimed by Plaintiff, making available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response to Disclosure C:**

Plaintiff has yet to engage in discovery and, therefore, is not fully aware of information responsive to this disclosure. In addition, Plaintiff is not in possession of all documents required to calculate economic damages and such damages will change over the course of discovery and the litigation. Subject to the foregoing, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), the following, however, are the categories of damages that Plaintiff will be seeking:

1. An amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's emotional distress;

2. An amount to be determined at trial to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

3. An award of punitive damages in an amount to be determined at trial;

4. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

5. An award of prejudgment and post-judgment interest at the legal rate under applicable law.

**Disclosure D:** For inspection and copying as under Fed. R. Civ. P. 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to Disclosure D:**

Not applicable.

Dated: June 13, 2022
New York, New York

**WIGDOR LLP**

By: _____
Valdi Licul
John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

9