# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TROOPER 1,

                                        Plaintiff,

            v.

NEW YORK STATE POLICE, ANDREW
CUOMO, MELISSA DEROSA, and
RICHARD AZZOPARDI,

                                        Defendants.

---

22-cv-00893 (LDH)(TAM)

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Governor Cuomo intends to serve the attached subpoena on Empire State

Development Corporation on May 10, 2023, or as soon thereafter as service may be effectuated.

Dated: New York, New York
        May 10, 2023

/s/   *Theresa Trzaskoma*
Theresa Trzaskoma
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
ttrzaskoma@shertremonte.com

Rita M. Glavin
Glavin PLLC
156 West 56th Street, Ste. 2004
New York, NY 10019
Tel: (646) 693-5505
rglavin@glavinpllc.com

*Counsel for Governor Cuomo*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Trooper 1 _____ *Plaintiff* | ) ) ) |
| v. | ) Civil Action No.   22-cv-893 (LDH)(TAM) |
| New York State Police et al. _____ *Defendant* | ) ) ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Empire State Development Corporation
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Schedule A attached to this subpoena.

| Place: Sher Tremonte LLP 90 Broad Street, 23rd Floor New York, NY 10004 | Date and Time: 05/30/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      05/10/2023

             *CLERK OF COURT*
                                                                OR

_____            /s Theresa Trzaskoma
  *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Governor Cuomo , who issues or requests this subpoena, are:

Theresa Trzaskoma, Sher Tremonte LLP, 90 Broad St., 23rd Fl., NY, NY, 10004; ttrzaskoma@shertremonte.com
                                                                212-202-2600
**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  22-cv-893 (LDH)(TAM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      "Action" refers to the above-captioned proceeding pending in the Federal District Court for the Eastern District of New York.

2.      "AJC" means the Assembly Judiciary Committee and its employees and agents.

3.      "AJC Investigation" means the 2021 investigation of Governor Cuomo conducted by and on behalf of the AJC concerning allegations of sexual harassment against Governor Cuomo.

4.      "Communication" means the transmittal or receipt of information by any means, including but not limited to interviews, face-to-face conversations and meetings, telephonic conversations and meetings, writings, letters, notes, documents given or received, facsimile transmissions, electronic mail (e-mail), electronic bulletin boards, instant messages, text messages, voicemail messages, BlackBerry messages, Skype messages, Google-Chats, "tweets," or any other electronic means of transmitting information.

5.      "Concerning" means evidencing, constituting, identifying, supporting, tending to support, contradicting, tending to contradict, pertaining to, relating to, referring to, associated with, connected to, regarding, discussing, mentioning, or dealing with the subject matter of the demand.

6.      "Document" means any document or thing subject to designation for production under Federal Rule of Civil Procedure 34, including without limitation any printed, written, typed, digital, electronic, taped, recorded, printout, graphic or computerized printout or other data compilation, including in the case of electronically stored information, all metadata associated with such information and documents, and any other tangible matter of any kind or description, from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received, or neither, including but not limited to, the original, a copy (if the original is not available),

1

all preliminary or other drafts, and all non-identical copies. This term includes, without limitation, e-mails, writings, drawings, graphs, charts, photographs, sound recordings, images, receipts, billing records, and other data or data compilations stored in any medium.

7.      "Executive Chamber" refers to the Executive Chamber also known as the Office of the Governor of New York State, including the Chamber and any of its staff.

8.      "Governor Cuomo" refers to former Governor Andrew M. Cuomo.

9.      "Lindsey Boylan" or "Ms. Boylan" refers to Lindsey Boylan, the former aide to Governor Cuomo and a former employee of Empire State Development Corporation.

10.     "Media Outlet" means any mass communication medium or its agents or employees, including but not limited to broadcast or publishing entities, social media entities, and any internet news entities.

11.     "OAG" means the Office of the Attorney General and its employees and agents.

12.     "OAG Investigation" means the Office of the Attorney General's 2021 Investigation into allegations of sexual harassment by Governor Cuomo.

13.     "You" or "ESD" refers to the Empire State Development Corporation and its employees and agents.

14.     The following rules of construction apply to all discovery requests: (i) the terms "all," "any," and "each" shall each be construed as encompassing any and all; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.     As used herein the singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of

any tense of verb shall be considered to include within its meaning all other tenses of the verb so used.

16.     Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, officers, directors, agents, partners, employees, attorneys, representatives, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

## INSTRUCTIONS

1.     You are requested to produce all documents as separate PDF files, or in such other electronic format as to be agreed upon, which shall be endorsed with Bates numbers.

2.     If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify: (a) each such document, including the (i) date, (ii) nature, (iii) subject matter, (iv) person who originated it, and (v) person to whom it was sent; (b) the last known custodian of the document; (c) the date the document was lost, discarded, or destroyed; (d) the reason(s) for discarding or destroying the document; (e) each person having knowledge of the document; and (f) each person having knowledge of the circumstances of it being lost, discarded, or destroyed.

3.     All grounds for an objection shall be stated with specificity.

4.     To the extent a request calls for the production of documents or things You contend are subject to a privilege or immunity from discovery, Your written response should so indicate, but You are requested to produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to a privilege or immunity from discovery is contained within responsive documents or things, You are requested to produce a redacted version of the document or thing containing the non-privileged

information with a notation on the produced document or thing indicating that it is being produced in redacted form.

5.       If any form of privilege is claimed as a ground for not producing any document, set forth in complete detail each and every fact upon which the privilege is based, including (a) the nature of the privilege; (b) the type of document, *e.g.*, letter or memorandum; (c) the general subject matter of the document; (d) the date of the document; (e) the author of the document; (f) the addressee(s) of the document; (g) the recipient(s) of the document; (h) where not apparent, the relationship of the author, addresse(es) and recipient(s) to each; and (i) such other information as is sufficient to identify the document and determine whether the claim of privilege is valid.

6.       These requests are intended to cover all documents in Your possession, custody or control, stored or maintained in any form or format. For the avoidance of doubt, these requests are intended to cover all documents that are stored on any computers (including personal computers, laptop computers, notebook computers, and mainframe computers), Personal Digital Assistants (PDAs), Blackberries, iPhones, iPads, smart phones, or other mobile devices, recorded messages and voicemails, magnetic tapes, optical discs (such as Blue-ray discs, CDs, and DVDs), memory cards (such as CompactFlash cards, Secure Digital cards, and Memory Sticks), zip disks and other floppy disks, removable media (including storage devices and external hard drives, flash drives, and USB drives), document storage and sharing sites (such as Dropbox), and social media or websites.

7.       These requests are deemed to be continuing, and the responses thereto are to be supplemented promptly upon acquisition of any additional documentation.

8.       Unless otherwise stated in a specific request, these requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced,

4

received, obtained, or otherwise created or distributed, relating to, or in effect during the period March 1, 2020 to present (the "Relevant Time Period").

## DOCUMENT REQUESTS

1.      All Documents concerning the OAG Investigation or the AJC Investigation, including but not limited to any Communications (a) between You and the OAG and any statements or documents You provided to the OAG, and (b) between You and the AJC and any statements or documents You provided to the AJC.

2.      All Communications between Lindsey Boylan and Governor Cuomo.

3.      All Documents or Communications concerning any complaint by Ms. Boylan about Governor Cuomo.

4.      All Documents or Communications concerning a personal and/or sexual relationship between Ms. Boylan and Mr. Zemsky, including but not limited to: Communications in December 2017 where ESD employees attended a social event with Ms. Boylan and Mr. Zemsky; and/or Communications concerning how Ms. Boylan and Mr. Zemsky conducted themselves when together.

5.      All Documents or Communications concerning complaints about Lindsey Boylan's conduct or performance at ESD, including but not limited to Documents sufficient to identify any ESD employees or consultants who complained about Ms. Boylan and the nature of those complaints.

6.      All Documents concerning ESD's request to terminate Ms. Boylan or have her removed from ESD's payroll in September 2018, including but not limited to Communications about terminating Ms. Boylan by or with Elizabeth Fine or Howard Zemsky.

7.      All Documents concerning any effort or threat by Ms. Boylan to resign from New York State employment prior to September 2018.

8.      All Documents concerning Ms. Boylan's resignation in September 2018.

9.      All Documents concerning any effort by Ms. Boylan to remain employed by New York State despite tendering her resignation in September 2018.

10.      To the extent not covered by any prior request, all Documents and Communications involving Lindsey Boylan concerning: allegations of sexual harassment or any other misconduct by Governor Cuomo; any references to Governor Cuomo's appearance; any references to Governor Cuomo's conduct towards Ms. Boylan; any complaints about the work environment at ESD or the Executive Chamber; Ms. Boylan's travel aboard any flights with Governor Cuomo in October 2017; any meeting Ms. Boylan had with Governor Cuomo in December 2016 at the New York State Capitol; any event that Ms. Boylan attended at the Governor's Mansion in Albany, New York, including in February 2018; Ms. Boylan praising or complimenting Governor Cuomo; and a January 2018 meeting with Alphonso David concerning the relationship between Ms. Boylan and Mr. Zemsky.