# Law Office of
## DONALD G. REHKOPF, JR.

31 East Main Street, 4th Floor (Philippone Suite)
Rochester, New York 14614-1914

———————
(585) 363-5903
usmilitarylaw@gmail.com
Not For Motion Practice or Pleadings

9 August 2023

*VIA EMAIL ONLY*

**TO:**  Rita Glavin, Esq., Gavin PLLC, Counsel for Andrew Cuomo
Theresa Trzaskoma, Esq., Sher Termonte LLP, Counsel for Andrew Cuomo

Catherine Foti, Esq., Morvillo Abramowitz Grand Iason & Anello, P.C., Counsel for Melissa DeRosa and Richard Azzopardi

Daniel Moore, Esq., Harris Beach PLLC, Counsel for NY State Police

Valdi Licul, Esq., Wigdor LLP, Counsel for Plaintiff, Trooper 1

Douglas Jackson-Quzack, Esq., Counsel for Lindsay Boylan.

**SUBJECT:**  *Trooper 1 v. NY State Police, et al.,* 22-CV-00893 (E.D. NY)(LDH) (TAM); Response of Non-party Witness, *Ana Liss-Jackson* to Order of 1 August 2023.

# INTRODUCTION

1. The undersigned represents Ms. Ana Liss-Jackson, a non-party witness in the above-styled lawsuit, and has represented her since the Spring of 2021. Specifically, that was in conjunction with an investigation conducted under the auspices and authority of the New York Attorney General [NYAG], involving Defendant Cuomo, then the Governor of New York.

2. On or about 19 April 2023, Defendant Cuomo caused two subpoenas–one demanding considerable documentation, the other for Ms. Liss-Jackson's deposition.

3. With respect to the documentation, she complied to the extent possible with one major exception: portions of Ms. Liss-Jackson's 2021 testimony before the NYAG's (which had been publicly released *without* her consent and which was marked "**CONFIDENTIAL**" on the cover

Trooper 1, Response, Page 2

page) were redacted by the NYAG. We advised counsel for the defendants that we lacked standing to consent to the release of any portion of the AG's report including Ms. Liss-Jackson's redacted testimony, and that while we would take no position as to anything not involving personal privacy matters, that the defense needed to address that with the NYAG or seek judicial intervention.

    4.    Ms. Liss-Jackson, understands that the "sealing" of records is a *judicial* function separate and apart from confidentiality agreements or orders. We respectfully submit that the issue(s) pending herein are governed by the holdings in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), where the Court concluded:

> [P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law [footnote and citation omitted]. and, in general, they are conducted in private as a matter of modern practice. [citations omitted] . . . Therefore, restraints placed on discovered, **but not yet admitted**, information are not a restriction on a traditionally public source of information. *Id.* at 33 [Emphasis added].

The Court's *Amended Confidentiality Order* (Doc. 68) is such a legitimate, pretrial restraint.

> Finally, it is significant to note that an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny. *Id.* [Citation omitted].

The Court in *Rhinehart* continued:

> It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; ***discovery also may seriously implicate privacy interests of litigants and third parties***. The Rules do not distinguish between public and private information. Nor do they apply only to parties to the litigation, as relevant information in the hands of third parties may be subject to discovery. *Id.* 34-35 [Emphasis added].

From the very beginning of this litigation, Ms. Liss-Jackson has asserted her privacy interests, to include but not limited to, the fact that (a) she has *never* accused Mr. Cuomo of sexual harassment;[1] (b) she was relying on the *Amended Confidentiality Order*, except for information was already in the

---

[1] Her allegations focused on the Executive Chambers as being a "hostile" or "toxic" workplace.

Trooper 1, Response, Page 3

public domain; and (c) consistent with the *Amended Confidentiality Order*, that she was relying on that and was **not** consenting to anything else being released which was covered by that Order.

*Rhinehart* provides her rationale:

> There is an opportunity, therefore, for litigants to obtain—incidentally or **purposefully—*information that not only is irrelevant but if publicly released could be damaging to reputation and privacy***. *Id.* at 35 [Emphasis added].

That was and remains her primary concern–her "reputation and privacy."

5. Furthermore, our position is guided by the decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), which addresses this issue quite specifically:

> By way of background, there is a stark difference between so called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). *Id.* at 305.
>
> * * * * *
>
> "At the adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Id.*[2]

## WHAT WE ARE *NOT* OBJECTING TO.

6. Ms. Liss-Jackson does *not* object to the public release of the following:

   a. The *unredacted* portions of her 2021 deposition testimony (to include the Exhibits previously released publicly) before the NY Attorney General's investigation;[3]

   b. Matters previously (prior to 10 July 2023) released to the media regarding this case;

---

[2] *See generally* Rhinehart, *Planning for Sealing of Information in Federal Court*, The Federal Lawyer 6 (January / February 2019), available at: https://www.fedbar.org/wp-content/uploads/2019/01/At-Sidebar-pdf-1.pdf [Last accessed: 8 AUG 23.

[3] At the time, we were assured that her testimony and tendered exhibits were "confidential"–indeed, the cover page of that transcript is marked "Confidential." Ms. Liss-Jackson was never asked if she consented to the release of those materials and objects to the further dissemination of such, redacted or not, consistent with and pursuant to the Court's *Amended Confidentiality Order* or subsequent Order(s) herein.

Trooper 1, Response, Page 4

## WHAT WE DO OBJECT TO PUBLICLY RELEASING AND WHY.

7. Ms. Liss-Jackson *objects* to the public release of the following:

    a. The entire contents of her deposition testimony in the *Trooper 1* case herein to include exhibits tendered by her;[4]

    b. Any and all text messages between witness Lindsey Boylan (another non-party witness) as those were and remain *private* communications;

    c. Any and all matters from Ms. Liss-Jackson's NY personnel files which are *not* releasable pursuant to the NY *Freedom of Information Laws* ["FOIL"];

    d. Absent a ruling by this Court or the consent of the NYAG, the *redacted* portions of her, NYAG testimony.

8. Rule 102, *Federal Rules of Evidence* ["FRE"] states that the purpose of the FRE's is:

    > These rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.[5]

The litigation herein pertaining to Ms. Liss-Jackson has done nothing but *create* "unjustifiable expense" for her,[6] and contributes nothing to "ascertain[] the truth" involving Trooper 1's lawsuit. Ms. Liss-Jackson left her then position in the Executive Office long before Trooper 1 became a uniformed member of the NY State Police ["NYSP"], and far longer from the time Trooper 1 became part of the then Governor's protection detail. Ms. Liss-Jackson does not know Trooper 1,

---

[4] The Court is advised that notwithstanding the fact that Defendant Cuomo sought permission, and was granted leave to file Ms. Liss-Jackson's Deposition *under seal* herein, as well as the provisions of the *Amended Confidentiality Order* herein, person(s) unknown released a copy of her deposition to a reporter for the *Washington Post* and to a pro-Cuomo social media group which has been trashing her on-line. *See* Rule 26(c)(1)(F), *Federal Rules of Civil Procedure* ["FRCivP"].

[5] *Compare* Rule 1, FRCivP, which reads in relevant part:

> These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

[6] Unlike Mr. Cuomo, Ms. Liss-Jackson is not being reimbursed for her legal expenses by the State of New York in this matter.

Trooper 1, Response, Page 5

does not know her identity, has not (to her knowledge) ever met or communicated in any way with Trooper 1 and thus, does not and cannot offer anything relevant to the allegations in Trooper 1's Amended Complaint.

9. As such, we respectfully submit that, other than hearsay, Ms. Liss-Jackson has nothing relevant to offer in this lawsuit. While perhaps premature, we respectfully note that Rule 104(b), FRE, provides:

> ***Relevance That Depends on a Fact.*** When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

Here, the *factual* nexus for any relevancy from Ms. Liss-Jackson would be facts pertaining to the allegations in Trooper 1's amended Complaint against the Defendants–all of which occurred, as noted above, long after she left the Executive Chambers, of which she has no direct or personal knowledge.

10. Ms. Liss-Jackson has reviewed this document for factual accuracy and consents to its release to the Court and counsel.

**DATED:** This 9th Day of August, 2023

Respectfully submitted,

/eS/ Donald G. Rehkopf, Jr.
**DONALD G. REHKOPF, JR., Esq.**
THE LAW OFFICE OF DONALD G. REHKOPF, JR.
31 East Main Street, 4th Floor (Philippone Suite)
Rochester, New York 14614
    (585) 363-5903 - voice
usmilitarylaw@gmail.com