UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANDREW M. CUOMO,

          *Movant,*

          v.

LINDSEY BOYLAN,

          *Respondent.*

Case No. 23-mc-01587 (LDH) (TAM)

Oral Argument Requested

---

TROOPER 1,

          *Plaintiff,*

          v.

NEW YORK STATE POLICE, ANDREW CUOMO,
MELISSA DEROSA and RICHARD AZZOPARDI,

          *Defendants.*

Case No. 22-cv-00893 (LDH) (TAM)

Oral Argument Requested

---

## MEMORANDUM OF LAW IN SUPPORT OF NONPARTY
## LINDSEY BOYLAN'S REPLY IN SUPPORT OF HER MOTIONS TO QUASH
## DEFENDANT ANDREW CUOMO'S DOCUMENT SUBPOEANAS

E. Danya Perry
Perry Law
157 East 86th Street
4th Floor
New York, NY 10028
Phone: 646-974-0935
Fax: 646-849-9609
Email: dperry@danyaperrylaw.com

Julie R. F. Gerchik
Glaser Weil Fink Howard Jordan & Shapiro LLP
10250 Constellation Blvd.
Suite 1900
Los Angeles, CA 90067
Phone: 310-553-3000
Fax: 310-556-2920
Email: jgerchik@glaserweil.com

*Attorneys for Respondent Lindsey Boylan*

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................. 1

ARGUMENT ...................................................................................................... 2

    I.   Ms. Boylan Has Standing to Challenge Subpoenas Seeking Her Personal, Private, and Confidential Information From Nonparties. ................................ 2

    II.  Mr. Cuomo Has Failed to Establish That Discovery Concerning Nonparty Ms. Boylan Is Relevant to Claims and Defenses in the Trooper 1 Lawsuit. ................. 4

    III. Mr. Cuomo Seeks Impermissible Discovery Concerning Ms. Boylan's Employment History and Sexual History. ..................................................... 7

    IV. The Subpoena to Ms. Boylan Is Not Proportional and Is Unduly Burdensome. ..................................................................................... 8

CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*6340 NB LLC v. Cap. One, N.A.*,
  2022 WL 17832860 (E.D.N.Y. Dec. 21, 2022) ..................................................................10

*Alvarado v. GC Dealer Servs. Inc.*,
  2018 WL 6322188 (E.D.N.Y. Dec. 3, 2018) ........................................................................7

*Bernstein v. Mafcote, Inc.*,
  No. 3:12CV311, 2014 WL 3579494 (D. Conn. July 21, 2014) .............................................9

*Bhatt v. Lalit Patel Physician P.C.*,
  2020 WL 13048694 (E.D.N.Y. Oct. 19, 2020) ..............................................................10, 11

*Breaking Media, Inc. v. Jowers*,
  2021 WL 1299108 (S.D.N.Y. Apr. 7, 2021) .......................................................................10

*Cheney v. District Court*,
  542 U.S. 367 (2004) .............................................................................................................7

*Citibank N.A. v. Bombshell Taxi LLC*,
  No. 15 CIV. 5067 (BMC), 2017 WL 3054832 (E.D.N.Y. July 19, 2017) .............................7

*Cuomo v. Office of the New York State Attorney General*,
  Case No. 22-mc-03044 (LDH) (TAM) (E.D.N.Y.), ECF 37 ....................................... *passim*

*Gavenda v. Orleans County*,
  174 F.R.D. 265 (W.D.N.Y.1996) .........................................................................................8

*Gheesling v. Chater*,
  162 F.R.D. 649 (D. Kan. 1995) ...........................................................................................8

*Guercia v. Equinox Holdings, Inc.*,
  No. 11 CIV. 6775, 2013 WL 2156496 (S.D.N.Y. May 20, 2013) .........................................9

*Holcomb v. State Univ. of New York at Fredonia*,
  2015 WL 1280442 (W.D.N.Y. Mar. 20, 2015) .....................................................................9

*Hughes v. Twenty-First Century Fox, Inc.*,
  327 F.R.D. 55 (S.D.N.Y. 2018) ...................................................................................4, 8, 9

*Lev v. S. Nassau Communities Hosp.*,
  No. 10-CV-5435, 2011 WL 3652282 (E.D.N.Y. Aug. 18, 2011) .........................................4

*Loc. Uni No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*,
    88 F. Supp. 3d 250 (S.D.N.Y. 2015)..................................................10

*McAnneny v. Smith & Nephew, Inc.*,
    2018 WL 1383400 (D. Conn. Mar. 19, 2018) .........................................11

*McGowan v. JPMorgan Chase Bank, N.A.*,
    2020 WL 1974109 (S.D.N.Y. Apr. 24, 2020)..........................................5

*Palmer v. N.Y. State Off. of Ct. Admin.*,
    2009 WL 1118271 (N.D.N.Y. Apr. 27, 2009) .........................................8

*Rodriguez v. NNR Glob. Logistics USA Inc.*,
    2016 WL 11673310 (E.D.N.Y. Mar. 31, 2016) .....................................3, 9

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*,
    No. 08-347 ARR MDG, 2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010)....................4

*Shih v. Petal Card, Inc.*,
    2021 WL 5279395 (S.D.N.Y. Nov. 12, 2021)........................................11

*Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*,
    No. CV 12-6383 (JFB) (AKT), 2017 WL 1133349 (E.D.N.Y. Mar. 24, 2017) ..................4, 5

*In re Tenaris S.A. Sec. Litig.*,
    2022 WL 905125 (E.D.N.Y. Mar. 28, 2022) .........................................6

*United States v. Figueroa*,
    548 F.3d 222 (2d Cir. 2008)........................................................7

*Vaigasi v. Solow Mgmt. Corp.*,
    No. 11-CV-5088, 2016 WL 616386 (S.D.N.Y. Feb. 16, 2016).............................6

*Warnke v. CVS Corp.*,
    265 F.R.D. 64 (E.D.N.Y. 2010) ....................................................3

**Rules**

Fed. R. Civ. P. 45(d)(1)..............................................................3

Fed. R. Evid. 401 ...................................................................6

Fed. R. Evid. 608 ...................................................................9

Fed. R. Evid. 412 ...............................................................3, 8, 9

Fed. R. Civ. P. 26(b)(1)..........................................................5, 6, 7

Fed. R. Civ. P. Rule 30(b)(6) ........................................................................................................10

Nonparty Lindsey Boylan respectfully submits this memorandum of law in further support of her cross-motion to quash the subpoena issued to her in *Cuomo v. Boylan*[1] (the "Nonparty Subpoena") and her motion to quash third-party subpoenas in *Trooper 1 v. New York State Police, et al.*[2] (the "Additional Third Party Subpoenas"). For the reasons set forth below, the Court should grant both of Ms. Boylan's motions.[3]

## **INTRODUCTION**

Andrew Cuomo's consolidated opposition to Lindsey Boylan's motions to quash confirms that his sole purpose in seeking the irrelevant discovery demanded—in ***nine subpoenas***—is to further harass Ms. Boylan and his other accusers in a failed attempt to rehabilitate his tarnished image.[4] Indeed, Mr. Cuomo admits he is taking these vindictive actions because he has never "had the chance to litigate Ms. Boylan's allegations" against him, and he is desperately seeking to improperly weaponize the present proceeding to try to impeach her now. (Opp. at 17, 19-20.)[5]

But this case is not Mr. Cuomo's opportunity to litigate against Ms. Boylan. Importantly, Ms. Boylan opted not to litigate her claims against Mr. Cuomo; Trooper 1 did. Ms. Boylan is not a party to the *Trooper 1* lawsuit, and Trooper 1's allegations against Mr. Cuomo are completely separate and distinct from Ms. Boylan's allegations against Mr. Cuomo. Indeed, as this Court has noted, "[t]he claims in the Trooper 1 case are specific to Trooper 1." Mem. and Order, *Cuomo v. Office of the New York State Attorney General*, Case No. 22-mc-03044 (LDH) (TAM) (E.D.N.Y.),

---

[1] The *Boylan* briefing can be found at Case No. 23-mc-01587 (LDH) (TAM) (E.D.N.Y.) ("*Boylan* ECF").

[2] The *Trooper 1* briefing can be found at Case No. 22-cv-893 (LDH) (TAM) (E.D.N.Y.) ("*T1* ECF").

[3] Mr. Cuomo opted to consolidate his response to Ms. Boylan's cross-motion to quash the Nonparty Subpoena and her motion to quash Additional Third Party Subpoenas. Ms. Boylan has done the same with her replies.

[4] Mr. Cuomo continues to leverage the media to retaliate against Ms. Boylan and others involved in his downfall. For example, on August 3, 2023, Mr. Cuomo tweeted an image of a Daily News editorial critical of Attorney General Letitia James and Ms. Boylan, and rhetorically asked "What is she hiding?" *See* https://twitter.com/andrewcuomo/status/1687111986759512064.

[5] "Opp." refers to *T1* ECF 99, *Boylan* ECF 21, which is the Memorandum of Law in Further Support of Former Governor Andrew M. Cuomo's Motion To Compel Lindsey Boylan's Compliance with Subpoena and in Opposition To Lindsey Boylan's and Trooper 1's Motions To Quash Subpoenas Concerning Lindsey Boylan.

ECF 37 at 27 (quashing Mr. Cuomo's subpoenas to OAG and AJC) (hereinafter "OAG Order"). Ms. Boylan has absolutely nothing to do with Trooper 1's claims because she: (1) does not know Trooper 1; (2) has never communicated with Trooper 1; and (3) and has no direct knowledge of Mr. Cuomo's alleged harassment of Trooper 1. Nevertheless, Mr. Cuomo has issued an astounding **nine subpoenas** to nonparties seeking invasive documents relating to Ms. Boylan, including her cell phone records. None of the sweeping and highly invasive categories of documents Mr. Cuomo shed any light on the actual issue of whether Mr. Cuomo harassed or retaliated against Trooper 1. Mr. Cuomo's subpoenas should be quashed on relevance grounds alone.

Moreover, Mr. Cuomo's improper subpoena to Ms. Boylan, the "Nonparty Subpoena," will require Ms. Boylan to search through over **550,000** records. *See T1* ECF 87 at 24. Searching, reviewing, and producing these documents will necessarily be a herculean and enormously expensive task given the unduly broad scope of Mr. Cuomo's requests. Rule 45, which requires the Court to protect nonparties from undue burden and expense, was designed to protect against just this kind of abuse. *See* Fed. R. Civ. P. 45(d)(1). For this additional reason, the Court should grant Ms. Boylan's motion to quash in the *Boylan* action.

<u>**ARGUMENT**</u>

I.    **Ms. Boylan Has Standing to Challenge Subpoenas Seeking Her Personal, Private, and Confidential Information From Nonparties.**

Mr. Cuomo is incorrect as a matter of law in his contention that Ms. Boylan lacks standing to challenge the Additional Subpoenas seeking deeply personal information about her private affairs. (Opp. at 6-7.)[6] "Generally, standing to quash a non-party subpoena exists where the plaintiff asserts a legitimate privacy interest in the information sought." *Warnke v. CVS Corp.*, 265

---

[6] Mr. Cuomo does concede, as he must, that Ms. Boylan has standing to challenge documents regarding any purported relationship with Howard Zemsky under Rule 412 of the Federal Rules of Evidence. (*See* Opp. at 7 n.10.)

F.R.D. 64, 66 (E.D.N.Y. 2010); *Rodriguez v. NNR Glob. Logistics USA Inc.*, 2016 WL 11673310, at *3 (E.D.N.Y. Mar. 31, 2016) (same; collecting cases).

Privacy interests in this context include information contained in employment records and related to sexual history. *See, e.g.*, *Lev v. S. Nassau Communities Hosp.*, No. 10-CV-5435, 2011 WL 3652282, at *1 (E.D.N.Y. Aug. 18, 2011) (employment records); *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (sexual history). Once standing is established, the subpoenaing party "must demonstrate that the information sought is relevant and material to the allegations and claims at issue." *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV 12-6383 (JFB) (AKT), 2017 WL 1133349, at *3 (E.D.N.Y. Mar. 24, 2017).

Mr. Cuomo's subpoenas seek deeply personal, private, and confidential information regarding Ms. Boylan's (alleged) sexual history, employment history, and non-public discussions regarding the abuse and harassment Mr. Cuomo inflicted on her.[7] *See T1* ECF 87 at 4-6, 8, 11-14; *Boylan* ECF 19 at 6-9. As a result, Ms. Boylan has standing to challenge the Additional Third Party Subpoenas. Mr. Cuomo does not provide any case law to the contrary: his reliance on *U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.* (Opp. at 6), is misplaced, as the plaintiff there failed to establish "some right or privilege personal" in the information sought in the challenged nonparty subpoenas. 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012). In contrast, there is no question here that Ms. Boylan has standing to challenge the subpoenas, including on relevancy grounds, as they seek information regarding her employment history and sexual history. *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08-347 ARR MDG, 2010 WL 2219343, at *4 (E.D.N.Y. Feb. 5, 2010) (ruling that a nonparty had standing to challenge

---

[7] While Ms. Boylan has chosen to publicly share some portion of her traumatic experience because she believed it was in the public interest (*see* Opp. at 14, 17-18), the materials Mr. Cuomo seeks in his subpoenas have never been disclosed and remain private and confidential. There is no authority for Mr. Cuomo's ill-conceived theory that Ms. Boylan's broad right to privacy or confidentiality was somehow waived.

a subpoena, including on relevancy grounds, not directed at the nonparty because of the "significant interest in the information covered by that subpoena").

## II. Mr. Cuomo Has Failed to Establish That Discovery Concerning Nonparty Ms. Boylan Is Relevant to Claims and Defenses in the Trooper 1 Lawsuit.

Mr. Cuomo has the burden of establishing the relevance in the discovery that he seeks. *Sky Med. Supply*, 2017 WL 1133349, at *3. None of the discovery that Mr. Cuomo seeks concerning Ms. Boylan pertains to Trooper 1's claims that she was harassed or retaliated against by Mr. Cuomo. Indeed, Mr. Cuomo admits that "Ms. Boylan's allegations are irrelevant to Trooper 1's claims." *Boylan* ECF 3 at 12. That should be the end of the Court's inquiry.

Nevertheless, Mr. Cuomo spends much of his Opposition rehashing why he believes Ms. Boylan had "multiple ulterior motives to accuse [him], including personal animus toward him" and other such irrelevant musings. (Opp. at 10-14.) Yet, not once does he explain how the discovery he seeks relates to Trooper 1's claims. That is because the discovery sought from Ms. Boylan *cannot* relate to Trooper 1 at all, as Ms. Boylan does not know who Trooper 1 is and has no independent knowledge of the facts of her claims except what has been publicly reported.[8] *See T1* ECF 87 at 14; *Boylan* ECF 19 at 6-7.

Rather than address this fatal deficiency in his subpoenas, Mr. Cuomo boldly, but mistakenly, claims that there is "no case refuting the notion that a defendant can always seek discovery into a complaint's allegations" (Opp. at 16.). But, of course, "to be entitled to discovery, it is not enough to point to an allegation made in a complaint or to a denial of that allegation." *McGowan v. JPMorgan Chase Bank, N.A.*, 2020 WL 1974109, at *7 (S.D.N.Y. Apr. 24, 2020);[9]

---

[8] Though Ms. Boylan testified during the OAG investigation that she "had heard that there was at least one woman in the State Patrol Unit" with whom she hoped investigators would connect (*T1* ECF 100-5 at 226), this in no way shows Ms. Boylan "was connected, either directly or indirectly, with . . . Trooper 1" as Mr. Cuomo speculates. (Opp. at 8.)

[9] Contrary to Mr. Cuomo's claim (Opp. at 16 n.13), the reasoning in *McGowan* is on point, as it confirms that Rule 26(b)(1) requires that "the plaintiff must show that the allegation has ***relevance to a claim or defense***" before discovery is permissible. 2020 WL 1974109, at *7 (emphasis added).

4

*see also In re Tenaris S.A. Sec. Litig.*, 2022 WL 905125, at *1-3 (E.D.N.Y. Mar. 28, 2022) (denying discovery relating to background allegations in a complaint because "[u]nder Plaintiffs' theory of relevance, any bad act—even one rather untethered to the cause of action—mentioned in a complaint is fair game for discovery, in order to establish the corporation's knowledge. Not so. No case, and certainly none cited by Plaintiffs, takes such a boundless view of discovery."). Indeed, this Court rejected Mr. Cuomo's argument that mere references in the Trooper 1 Complaint entitle him to free-range discovery into nonparties. OAG Order at 29.

Similarly, Mr. Cuomo argues that such limits on relevance apply only to evidence at trial and not to discovery, claiming that Ms. Boylan "conflates the relevance standard for purposes of discovery with the relevance standard applicable to admission of evidence." (Opp. at 9.) Again, he is wrong. To be sure, the standard for relevancy is "applied more liberally in discovery than it is at trial." OAG Order at 28 (internal quotation marks and citations omitted). But this does not grant a party carte blanche to discover matters that have no bearing on the claims or defenses at issue. Indeed, courts in deciding discovery disputes, routinely quote the definition of relevance in the Federal Rules of Evidence, namely that "[i]nformation 'is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Id.* (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401)). Mr. Cuomo has failed to articulate how the veracity of nonparty Ms. Boylan's unrelated allegations will make it more or less probable that Mr. Cuomo sexually harassed and/or retaliated against Trooper 1.

Instead, Mr. Cuomo asserts that the purpose of his subpoenas is to "challenge[e] the claims of other complainants that Trooper 1 included in her Complaint, like Ms. Boylan." (Opp. at 17.) That is not how discovery works in civil litigation. Indeed, this Court explained that "Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable … if it

is relevant to any party's claim or defense and is proportional to the needs of the case." OAG Order at 10 (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment).

Lastly, Mr. Cuomo relies on a law review article to argue that he has a "fundamental right" to discovery and that there is "due process under the Federal Rules of Civil Procedure." (Opp. at 17.) Mr. Cuomo is profoundly mistaken in this argument because "*there is no due process or constitutional right to discovery.*" *Citibank N.A. v. Bombshell Taxi LLC*, No. 15 CIV. 5067 (BMC), 2017 WL 3054832, at *3 (E.D.N.Y. July 19, 2017) (rejecting similar arguments and stating that "[t]his combination of frivolous arguments is the type that [the Court] generally hear[s] only from pro se litigants, not lawyers at major firms"); *see also Cheney v. District Court*, 542 U.S. 367, 384 (2004) (noting the right to production of evidence in civil proceedings does not have the same "constitutional dimensions" as that in criminal proceedings). As such, Mr. Cuomo has no factual or legal basis to overcome Ms. Boylan's relevance objection to the subpoenas.

Mr. Cuomo has made clear that his goal is to use Trooper 1's lawsuit against him as a battleground to challenge the veracity of Ms. Boylan's allegations against him because he "never had a chance to litigate Ms. Boylan's allegations" (Opp. at 17 (emphasis in original.)) But this case is about litigating *Trooper 1's* allegations—not Ms. Boylan's. In essence, Mr. Cuomo impermissibly seeks to turn this case into a trial within a trial, which he cannot do. *See Alvarado v. GC Dealer Servs. Inc.*, 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018) (rejecting discovery that would create a "trial within a trial" about plaintiff's credibility).[10] The Court should reject Mr. Cuomo's attempt to create a sideshow at Ms. Boylan's (and the taxpayers') expense.

---

[10] The Second Circuit's decision in *United States v. Figueroa*, 548 F.3d 222 (2d Cir. 2008), cited in Mr. Cuomo's opposition, is not to the contrary. (Opp. at 19.) *Figueroa* was a criminal case related to trial testimony, not discovery, in which the Second Circuit held that the "district court's prohibition on cross-examination for bias on the grounds upon which it relied violated [the defendant's] confrontation rights under the Sixth Amendment,"—criminal trial rights that have no analogue in civil discovery. *Figueroa*, 548 F.3d at 230. As explained above, there is no constitutional right to discovery in civil litigation.

### III.   Mr. Cuomo Seeks Impermissible Discovery Concerning Ms. Boylan's Employment History and Sexual History.

Even if Ms. Boylan's allegations against Mr. Cuomo were relevant, which they are not, Mr. Cuomo still would not be entitled to seek broad discovery into Ms. Boylan's past employment history, sexual history, or previous harassment allegations. *See T1* ECF 87 at 8-13.

***First***, the law disfavors the production of nonparty employment records, which "invariably contain sensitive medical, financial and other information of a highly personal nature." *Palmer v. N.Y. State Off. of Ct. Admin.*, 2009 WL 1118271, at *1 (N.D.N.Y. Apr. 27, 2009); *see also Gavenda v. Orleans County*, 174 F.R.D. 265, 268–69 (W.D.N.Y.1996) (denying discovery into nonparty personnel files that could lead to "vexatious investigation into irrelevant collateral matters" and cause "embarrassment and harassment" to nonparties). Mr. Cuomo emphasizes that he "does not seek Ms. Boylan's personnel files in their entirety" (Opp. at 16) but fails to explain how seeking only part of an undiscoverable file changes the analysis. Even in instances when employment files are discoverable, such discovery is "usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information." *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995). Ms. Boylan's prior employment—which was not in Trooper 1's department—has no bearing on whether Mr. Cuomo discriminated against or retaliated against Trooper 1. *T1* ECF 87 at 8-11.

***Second***, Mr. Cuomo is not entitled to discovery regarding Ms. Boylan's alleged sexual history with another nonparty. *T1* ECF 87 at 11-13. Mr. Cuomo argues that the Federal Rules of Evidence do not apply to discovery. Regarding Rule 412 of the Federal Rules of Evidence, Mr. Cuomo cites *Hughes*—also cited in Ms. Boylan's motion to quash (see *T1* ECF 87 at 12)—a case that applied Rule 412 to prohibit discovery into a party's past romantic relationships that had no bearing on the claims or defenses in the case. *Hughes*, 327 F.R.D. at 58. Moreover, "[i]n the context

7

of civil suits for sexual harassment, and absent extraordinary circumstances, inquiry into" a *party's* sexual history—let alone a *nonparty's* sexual history—"should not be permitted, either in discovery or trial." *Hughes*, 327 F.R.D. at 58 (emphasis added); *see also Holcomb v. State Univ. of New York at Fredonia*, 2015 WL 1280442, at *2 (W.D.N.Y. Mar. 20, 2015) (applying Rule 412 to bar discovery). Mr. Cuomo makes no such showing of extraordinary circumstances here, and his requests regarding Ms. Boylan's alleged sexual history should be quashed on this basis as well.

 **Third**, with respect to Rule 608 of the Federal Rules of Evidence, Mr. Cuomo asserts that he does not seek materials regarding Ms. Boylan "to attack Ms. Boylan's general 'character for truthfulness'" (Opp. at 16.) In Mr. Cuomo's view, he seeks "evidence going directly to Ms. Boylan's credibility regarding her specific allegations against Governor Cuomo" and her resignation from Empire State Development. *Id*. This is a distinction without a difference. Courts in the Second Circuit have relied on Rule 608 to deny the discovery for the purpose of attacking credibility. *E.g.*, *Rodriguez*, 2016 WL 11673310, at *5; *Bernstein v. Mafcote, Inc.*, No. 3:12CV311 WWE, 2014 WL 3579494, at *4 (D. Conn. July 21, 2014) *Guercia v. Equinox Holdings, Inc.*, No. 11 CIV. 6775, 2013 WL 2156496, at *5 (S.D.N.Y. May 20, 2013).

## IV.     The Subpoena to Ms. Boylan Is Not Proportional and Is Unduly Burdensome.

 The subpoena to Ms. Boylan should also be quashed. Even if that subpoena sought relevant information, his demand, potentially encompassing over 550,000 documents, is "too broad, and disproportionate to the needs of the Trooper 1 case," like Mr. Cuomo's AOG and AJC subpoenas that the Court quashed. OAG Order at 32.

 Mr. Cuomo claims that "[g]iven the broad ambit of civil discovery," courts routinely compel the production of "marginally relevant" documents (Opp. at 9), but all of the cases he cites

involve *party* discovery, not *nonparty* discovery. (Opp. at 8-9, n.11.)[11] For nonparty subpoenas, courts "give special weight to the burden on non-parties of producing documents to parties involved in the litigation." *Breaking Media, Inc. v. Jowers*, 2021 WL 1299108, at *6 (S.D.N.Y. Apr. 7, 2021). Courts "weigh the burden to the subpoenaed party against the value of the information to the serving party and by evaluating that information's relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Bhatt v. Lalit Patel Physician P.C.*, 2020 WL 13048694 at *1-2 (E.D.N.Y. Oct. 19, 2020).

Again, Mr. Cuomo's primary argument in favor of relevance is his asserted need for information regarding "Ms. Boylan's credibility and motives" concerning her allegations against Mr. Cuomo and not Trooper 1's claims against Mr. Cuomo. (Opp. at 1.) As this Court observed, "nothing in the record indicates that Trooper 1, or any of the other anticipated witnesses in the Trooper 1 case, have independent knowledge of, or access to, the materials underlying the OAG Report, apart from the information and documents that each witness provided." OAG Order at 30.

Mr. Cuomo also repeatedly argues that his subpoenas seek relevant information because "the OAG and Governor Cuomo requested many of the same categories of materials from Ms. Boylan." (Opp. at 9-10.) But this is incorrect. Mr. Cuomo's demands are far broader, seeking documents relating to Ms. Boylan's previous employment, her online essay, her political campaigns, and Mr. Cuomo's March 14, 2020, COVID-19 executive order, among many other things, none of which were sought by the OAG investigation. *See Boylan* ECF 18-5 at 5-6.

Moreover, given this (at most) thin reed of relevance, Mr. Cuomo's request is necessarily

---

[11] Moreover, *Loc. Uni No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 272 (S.D.N.Y. 2015) involved a motion for default judgment, while *6340 NB LLC v. Cap. One, N.A.*, 2022 WL 17832860, at *1 (E.D.N.Y. Dec. 21, 2022) involved to a dispute about Rule 30(b)(6) deposition topics, not a subpoena to a nonparty.

disproportional given the widely available public information, as well as the information already provided by Ms. Boylan. *See McAnneny v. Smith & Nephew, Inc.*, 2018 WL 1383400, at *6 (D. Conn. Mar. 19, 2018) (rejecting discovery of "questionable relevance" as not proportional, particularly "in light of the publicly available information"). Ms. Boylan has already produced to Mr. Cuomo all the documents that she provided to the OAG and AJC, and Mr. Cuomo has access to Ms. Boylan's prior sworn testimony and a wealth of other publicly available information from the investigations. OAG Order at 24. Mr. Cuomo purportedly wants to "find out why" Ms. Boylan "allegedly resigned in 2018" and unearth other details about Ms. Boylan's harassment allegations (Opp. at 21-22), but courts routinely reject nonparty subpoenas seeking impeachment evidence. *See, e.g.*, *Shih v. Petal Card, Inc.*, 2021 WL 5279395, at *4-5 (S.D.N.Y. Nov. 12, 2021) ("[T]he mere possibility of obtaining impeachment evidence cannot be enough to justify discovery into matters otherwise unrelated to the parties' claims and defenses."); *see also T1* ECF 87 at 13; *Boylan* ECF 19 at 20 (citing cases). All of the factors in *Bhatt* counsel against enforcement of the subpoenas here. *Bhatt*, 2020 WL 13048694 at *1-2.

In addition, Mr. Cuomo's subpoena is also unduly burdensome. Because of the broad scope of the documents sought, reviewing and producing materials from this universe of more than 550,000 documents will be enormously time-consuming and expensive, even with the aid of search terms, especially as the materials will contain many privileged or potentially-privileged documents. *See Boylan* ECF 19 at 23-25. And unlike *U.S. Bank* (Opp. at 22), none of the information sought is "critical to the outcome of the case." 2012 WL 5395249, at *4.

## CONCLUSION

For the foregoing reasons, Mr. Cuomo's subpoenas to and concerning Lindsey Boylan should be quashed in their entirety.

Dated: August 9, 2023                    Respectfully submitted,
      New York, New York

E. Danya Perry
Perry Law
157 East 86th Street, 4th Floor
New York, NY 10028
Phone: 646-974-0935
Fax: 646-849-9609
Email: dperry@danyaperrylaw.com

Julie R. F. Gerchik
Glaser Weil Fink Howard Jordan & Shapiro
LLP
10250 Constellation Blvd.
Suite 1900
Los Angeles, CA 90067
Phone: 310-553-3000
Fax: 310-556-2920
Email: jgerchik@glaserweil.com

*Attorneys for Respondent Lindsey Boylan*

11