# SHER TREMONTE LLP

August 16, 2023

**BY ECF**
Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Trooper 1 v. NYSP et al.*, 22-cv-893 (LDH) (TAM);
             *Cuomo v. Boylan*, 23-mc-1587 (LDH) (TAM)

Dear Judge Merkl:

      Both Ms. Liss-Jackson and Ms. Boylan broadcast their allegations against Governor Cuomo far and wide. Ms. Liss-Jackson gave interviews to an array of prominent media sources—the Wall Street Journal, New York Magazine, Rochester First, the Gothamist—and even appeared on the Brian Lehrer Show. For her part, Ms. Boylan has been one of Governor Cuomo's most vocal public critics since she made her allegations. She posted her entire story on the internet, she tweets about Governor Cuomo regularly, and she continues to work with multiple media outlets; indeed, she went so far as to tell the Wall Street Journal about her subpoena in this case and she takes every opportunity to make public filings in the Trooper 1 Action even though she is not a party.

      Now, fearing a public reckoning about a matter of clear public concern, Ms. Boylan and Ms. Liss-Jackson purport to claim privacy interests in their testimony and communications about Governor Cuomo. But neither of them has any privacy interest regarding non-intimate topics that they discussed publicly at length, that the OAG released to the public, that Trooper 1 included in her public lawsuit, and that do not remotely involve any personal intimacies. And even if they did, the presumption of public access to judicial documents requires that the information be filed publicly.

      Contrary to her prior acknowledgment that testimony about public statements is "**not** confidential,"[1] Ms. Liss-Jackson—whose lawyer refuses to appear in this case—seeks to keep her entire deposition transcript confidential, along with text messages she

---

[1] Ms. Liss-Jackson was deposed on July 10, 2023. The day after, her attorney Don Rehkopf confirmed that "[m]atters she discussed with the media" are "**not** confidential." Ex. A at 14 (emphasis in original). Without any valid basis, however, Mr. Rehkopf asserted confidentiality over any testimony concerning what his client said to the OAG. The OAG-related testimony was the subject of our first sealing letter. T1 ECF No. 93. Because Ms. Liss-Jackson's statements about press matters were not confidential, we ultimately filed certain excerpts publicly. OAG ECF No. 42-3. Mr. Rehkopf reconfirmed his position on numerous occasions. Mr. Rehkopf reversed course, however, in his August 9, 2023 letter. T1 ECF No. 110-1; Boylan ECF No. 23-1. Putting aside the failure to comply with the Protective Order, Mr. Rehkopf affirmatively waived any argument on the testimony concerning prior statements to the press.

exchanged with Lindsey Boylan (the "Boylan Texts").[2] Ms. Boylan is neither a party nor a producing nonparty under the Protective Order, yet she asks the Court to keep under seal information that other witnesses produced or provided. None of their arguments has merit.

"The common law right of public access to judicial documents is firmly rooted in our nation's history."[3] That right is enshrined in the Constitution: "the First Amendment does secure to the public and to the press a right of access to civil proceedings."[4] The right of access to court proceedings is especially important in a case of supreme public interest like this one. It is a public lawsuit by a former member of the New York State Police against the former Governor of New York, following investigations and public reports issued by the OAG and the AJC. The filings at issue, which support motions to compel, are judicial documents, to which the presumption of public access attaches.[5] Ms. Liss-Jackson's testimony is critical context for Governor Cuomo's motion to compel the OAG's compliance with subpoenas, his motion for reconsideration, and the briefing related to the subpoenas served on Ms. Boylan, including because of Ms. Liss-Jackson's testimony concerning the OAG investigation and her communications with Ms. Boylan.[6] OAG ECF No. 35; OAG ECF No. 40; T1 ECF No. 99; Boylan ECF No. 21. To overcome the presumption of public access, Ms. Liss-Jackson and Ms. Boylan must show that their privacy interests outweigh the public's right to see the information. They cannot do so.

As an initial matter, the broad requests to seal Ms. Liss-Jackson's transcript, either in whole, as Ms. Liss-Jackson requests, or as to Ms. Boylan, as Ms. Boylan requests, would result in the retroactive sealing of testimony that Governor Cuomo already filed publicly based on Mr. Rehkopf's express acknowledgement that it is not confidential.[7] The broad sealing requests should be rejected out of hand. "The genie is out of the bottle"—"what has thus become public" cannot be made "private again."[8]

---

[2] We do not address the Boylan Texts but join in Ms. DeRosa's arguments in her separate submission. We emphasize that any suggestion that the Boylan Texts were meant to be private is totally undermined by the fact that Ms. Boylan deliberately sent them after she received a subpoena calling for such communications. With respect to Ms. Liss-Jackson's request concerning her personnel file and redacted OAG testimony, those are not at issue. Not only are they not part of the filings at issue, but we do not have her personnel file and still do not have an unredacted version of her OAG transcript.

[3] *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

[4] *Id*. at 124. For the same reasons that the common law right of access applies here, the First Amendment right of access applies.

[5] *Brown v. Maxwell*, 929 F.3d 41, 49–51 (2d Cir. 2019); *see also Giuffre v. Dershowitz*, No. 19 CIV. 3377 (LAP), 2021 WL 5233551, at *5 (S.D.N.Y. Nov. 10, 2021).

[6] The documents are relevant to the performance of the judicial function even if the Court does not ultimately rely on them. *See Maxwell*, 929 F.3d 41 at 49. Ms. Boylan's and Ms. Liss-Jackson's relevance arguments are therefore misplaced.

[7] As a courtesy, we will provide the Court with a comparison of the portions Ms. Boylan seeks to designate confidential against our public filing at OAG ECF No. 42-3.

[8] *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).

With respect to the remaining testimony, the presumption of public access far outweighs any conceivable privacy interest. Ms. Liss-Jackson and Ms. Boylan must make a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection."[9] Merely claiming that information is "personal" or "private," or not relevant, does not meet the high standard.[10] The information must be truly sensitive, not just embarrassing, and it also must be truly private; otherwise, nearly every filing in this case would end up under seal. Here, where Ms. Liss-Jackson's testimony relates to a matter of public record and where it does not involve any intimate matter, no privacy interest exists (or if it did, it no longer does).[11] This is true even though the information implicates a nonparty.[12]

Nor does a fear of backlash justify sealing. "Generalized concerns of adverse publicity do not outweigh the presumption of access."[13] Further, any backlash would be the result of Ms. Liss-Jackson's and Ms. Boylan's own personal decisions, long before this lawsuit, to pursue publicity in connection with their allegations and to communicate with others (including some who they did not know or barely knew) about their allegations.

The presumption of public access is even greater in cases involving a matter, and individual, of public interest.[14] It is undeniable that Governor Cuomo and the allegations against him, including those by Ms. Liss-Jackson and Ms. Boylan, are of enormous public concern. The fact that Ms. Liss-Jackson's deposition testimony is inconsistent with the OAG Report is likewise of great public interest. Indeed, Ms. Liss-Jackson admits that she "*never* accused Governor Cuomo of sexual harassment." T1 ECF No. 110-1; Boylan ECF No. 23-1 (emphasis in original). The details of how the OAG Report concluded that Governor Cuomo sexually harassed Ms. Liss-Jackson—an allegation repeated in Trooper 1's lawsuit—even though Ms. Liss-Jackson denies it, is important for understanding Governor Cuomo's argument that the OAG should be compelled to produce, at a minimum, interview notes and memos.

---

[9] *Saugatuck, LLC v. St. Mary's Commons Assocs., L.L.C.*, No. 19-CV-217 (SIL), 2023 WL 2698061, at *2 (E.D.N.Y. Mar. 29, 2023) (internal quotations omitted).

[10] *See Robinson v. De Niro*, No. 19-CV-09156 (LJL), 2023 WL 3728350, at *3-4 (S.D.N.Y. May 26, 2023).

[11] *Id.*

[12] *See United States v. Avenatti*, No. 19 CR. 373 (PGG), 2020 WL 70952, at *1, *6-8 (S.D.N.Y. Jan. 6, 2020).

[13] *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (internal quotations omitted); *see also Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470–72 (S.D.N.Y. 2017); *see also Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 375-376 (S.D.N.Y. 2007).

[14] *See Jones v. Smith*, 319 F. Supp. 3d 619, 625–26 (E.D.N.Y. 2018).

In sum, Ms. Liss-Jackson and Ms. Boylan have not provided a legal basis for sealing the information at issue. Governor Cuomo should be permitted to file the materials on the public docket.

          Respectfully submitted,

          */s/ Theresa Trzaskoma*

          Theresa Trzaskoma