# Exhibit 3

**GLAVIN PLLC**
156 West 56th Street, Ste. 2004
New York, New York 10019
646-693-5505

October 31, 2023

**BY EMAIL**

E. Danya Perry
Perry Law
157 East 86th Street #457
New York, NY 10028
dperry@danyaperrylaw.com

Julie Gerchik
GlaserWeil
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
jgerchik@glaserweil.com

Re:   *Cuomo v. Boylan*, 23-MC-01587 (LDH) (TAM)

Dear Danya and Julie:

    I write in response to your October 29, 2023 letter regarding Governor Cuomo's Rule 45 subpoenas to your client, Lindsey Boylan, and her document production to the OAG.

    Your letter does not resolve any of the outstanding issues or questions we raised during our meet and confer on October 16, 2023, nor does it address the requests in our October 18, 2023 follow up letter. During our October 16, 2023 meet and confer, we explicitly asked you about the "agreed upon accommodation" between your client and the OAG with respect to your client's compliance with the OAG's subpoena. You both informed us that your client's "accommodation" with the OAG was reached before Danya was retained and before Julie was on the case, and that it was reached with Julie's law partner. We asked you whether you knew what the accommodation was or whether there was an affidavit of compliance that would shed some light on that agreement with the OAG. You responded that you "honestly" did not know because you were not on the matter back then. We asked you whether you actually knew there was an "agreed upon accommodation", and you responded that there was "some accommodation" but you could not "speak to what it was." In our follow up letter, we asked you to (a) provide the

Danya Perry and Julie Gerchik
October 31, 2023
Page 2 of 2

communications between Boylan and the OAG about her subpoena compliance and document production and (b) speak with the attorney who negotiated the scope of that subpoena to determine whether there was an agreement between your client and the OAG and what that agreement was.

Instead of providing any substantive response to our requests, you now assert that Ms. Gerchik had discussed "the matter" with Ms. Boylan's previous counsel, however, nowhere in your letter do you provide information on what Ms. Gerchik actually found out about the accommodation reached between Ms. Boylan and the OAG. Indeed, your letter provides no information regarding whether Ms. Gerchik ascertained information on the "agreed upon accommodation" at all. Moreover, your position that we are sending "newly minted" document requests is entirely inaccurate. As you well know, Governor Cuomo's subpoena to your client calls for such documents already, including in connection with Document Request No. 2 seeking "[a]ll documents concerning the OAG Investigation, including but not limited to any communications between You and the OAG and any statements or documents You provided to the OAG."

Please confirm in writing by close of business on November 1, 2023 that the OAG in fact agreed to limit the subpoena it served on Ms. Boylan and explain the terms and basis of any such agreement. Otherwise, we will raise the issue with the Court, as it remains highly relevant to your client's argument that she should not have to produce anything more than the 25 pages she produced to the OAG.

Sincerely,

Rita M. Glavin