

E. DANYA PERRY
646-357-9950 PHONE
dperry@danyaperrylaw.com EMAIL

January 10, 2024

**VIA ECF**

Hon. Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Trooper 1 v. New York State Police, et al.*, 22-cv-00893 (LDH) (TAM);
*Cuomo v. Boylan*, 23-mc-1587 (LDH) (TAM)

Dear Judge Merkl:

We represent non-party Lindsey Boylan in the above-referenced matter and write in advance of the status conference scheduled for January 11, 2024, and to advise the Court of relevant proceedings that occurred last week in *Bennett v. Cuomo*, No. 22-cv-07846 (VSB) (SLC) (S.D.N.Y.).[1] At the conclusion of the status conference, Magistrate Judge Cave delivered an oral ruling largely denying Mr. Cuomo's request to enforce against Ms. Boylan a document subpoena that was just as expansive as the subpoena in this case.[2] *Id.* at ECF No. 164. Specifically, Judge Cave ordered that only a narrow set of documents related to the communications between the Plaintiff, Ms. Bennett, and Ms. Boylan—only 2 of the 19 categories that Mr. Cuomo requested, each of which Ms. Boylan was willing to produce—was relevant and should be produced. *Id.* We ask that the Court take a similar approach here.

Even more than in *Bennett*, we have long emphasized that Ms. Boylan does not have relevant information in the matter before this Court. The relevance of discovery is even more attenuated here because, whereas Ms. Boylan had communicated with Ms. Bennett about the allegations at issue in that case, the opposite is true here: Ms. Boylan does not know Trooper 1, does not even know the identity of Trooper 1, and never has communicated with Trooper 1—and therefore even more certainly has no documents relevant to the claims at issue here. Indeed, *Mr. Cuomo's subpoena does not even request documents with or about Trooper 1, because he knows no such documents exist*. It is for this reason that we have been requesting that the Court quash the subpoena or significantly limit the scope of discovery, and we renew that request again on the heels of a sister court's ordering that very result in an indistinguishable case.

---

[1] The transcript for that conference was just released today, January 10, 2024. It is attached as Exh. A to this letter.
[2] The document subpoena served by Mr. Cuomo on Ms. Boylan in the *Bennett* case is attached as Exh. B to this letter.

157 East 86th Street, 4th Floor, New York, NY 10028
646-974-0935 PHONE | 646-849-9609 FAX | www.danyaperrylaw.com WEBSITE

The Honorable Taryn A. Merkl
January 10, 2024

In the alternative and at a minimum, we also renew our request that the Court not require compliance with the subpoenas until the case has been narrowed through the parties' motion practice.

To fully contextualize this alternative request, as the Court is aware, Ms. Boylan and other non-parties in this case have proposed a discovery schedule that would minimize the emotional, financial, and practical burdens on the non-parties of having to produce discovery at this stage of the proceedings. *See* ECF No. 179. In their response, ECF No. 183, and at the conference held on December 12, ECF No. 197, Mr. Cuomo's counsel has attempted to differentiate Ms. Boylan from the rest of the non-parties, seeking unique treatment of Ms. Boylan.

As we have not yet had a chance to respond to Mr. Cuomo's latest argument, we urge here that there is no logical reason why Ms. Boylan should be treated differently from the other non-parties in this case. As the Court is well aware, Ms. Boylan is a non-party—just like the other complainants. As noted, Ms. Boylan does not know Trooper 1, has not worked with Trooper 1, and does not have any knowledge of Trooper 1's allegations beyond what is in the Complaint—just like the other non-party complainants. Just as importantly, Ms. Boylan also has not herself brought an action, has been inserted into the Complaint without her permission and against her will, and is being re-traumatized here—just like the other non-party complainants. The only real distinction from other non-party complainants is that Ms. Boylan had the courage (and, it now appears, the misfortune) to be the first accuser to publicly make sexual harassment complaints against Mr. Cuomo. As a result, Mr. Cuomo has come after Ms. Boylan first and most viciously, including by relentlessly smearing her name publicly in the press, leaking her personnel file, and publicly claiming that she was inappropriate both with her supervisor and with her supervisees. Indeed, even before Trooper 1 had brought this case, Mr. Cuomo was searching for ways to exact revenge and make some kind of a political comeback, exploring "whatever legal options he has available to him" and admitting, through counsel that "[h]e can't move on" and "won't move on until the right thing happens."[3] He has seized upon this litigation as his vehicle to do just that—but this is not the proper forum for him to come after Ms. Boylan. Precisely because she decided that she and her family cannot withstand any more of the brutality involved in opposing Mr. Cuomo, she opted against bringing her own lawsuit against him. She should not be forced to endure the exact same ruthlessness, harassment, and retaliation she would as a party when she has nothing of relevance to add as a non-party to this litigation.[4]

---

[3] *See* Luis Ferré-Sadurní and Grace Ashford, *An Emboldened Cuomo Takes Swings at Accusers and Investigators*, N.Y. Times, Jan. 13, 2022, https://www.nytimes.com/2022/01/13/nyregion/andrew-cuomo-rita-glavin.html (noting that "Ms. Glavin's most vociferous attacks were directed at the first woman to accuse Mr. Cuomo, Ms. Boylan").

[4] It is hard to overstate the trauma and damage Mr. Cuomo's actions have caused Ms. Boylan, and she was understandably shell-shocked by the viciousness of Mr. Cuomo's attacks on her. Yet she is also distressed that Plaintiff, another victim of sexual harassment, and her counsel—who at one time reached out to Ms. Boylan as a potential client, and who style themselves as champions of survivors—are refusing to release her from what has been a living nightmare.

The Honorable Taryn A. Merkl
January 10, 2024

To justify this misuse of judicial process, Mr. Cuomo tries to mischaracterize Ms. Boylan's support of other victims as a manipulation of them, and to somehow hold her responsible for all subsequent complaints against him. Mr. Cuomo's convoluted, and indeed impossible, theory of the case seems to be this: Ms. Boylan made up her allegations out of whole cloth and then launched a campaign by which she managed to suborn the perjury of one woman after another, somehow creating a daisy chain of complaints—until more than eleven women came forward and *each and every one of them told lies* against Mr. Cuomo. And somehow—*despite the fact that none of them, including Ms. Boylan, knew or worked with or communicated with Trooper 1*—Mr. Cuomo would like the Court to conclude that this far-fetched conspiracy somehow masterminded by Ms. Boylan has something to do with the veracity of allegations by a woman whose identity Ms. Boylan does not even know—Trooper 1.

Even if Mr. Cuomo's convoluted theory were somehow true (and it emphatically is not),[5] it does not explain why Ms. Boylan would possess any relevant documents concerning Trooper 1's allegations—the only issue before the Court in determining whether to enforce a subpoena against her. In *Bennett*, Mr. Cuomo pressed the very same argument, arguing that casting Ms. Boylan as a liar and recruiter of other liars (the other sexual harassment victims) is a defense to the allegations against him. In that matter, Judge Cave had none of it. As Judge Cave said: "[E]ven if what Ms. Boylan was alleging was false … that doesn't mean that what Ms. Bennett said was true or false. Those two things are totally independent of each other." *See* Transcript of Oral Argument, Exh. A at 13:21-14:1. For that reason, Judge Cave concluded that the only arguably relevant material were communications directly between Ms. Bennett and Ms. Boylan. *See Bennett*, No. 22-cv-07846, at ECF No. 164 (ordering Ms. Boylan to produce documents responsive to Requests 1 and 17 of Mr. Cuomo's document subpoena, but not Requests 2-16, 18, and 19); *see also* Exh. B. Here, of course, there are no such relevant documents, because Trooper 1 and Ms. Boylan never communicated. Notably, the subpoena to Ms. Boylan here and the many, many subpoenas issued to yet additional third parties about Ms. Boylan, do not include any document requests related to Trooper 1 and do not even reference Trooper 1—because again, Mr. Cuomo is well aware that Ms. Boylan has no relevant information about Plaintiff.

For the reasons outlined above, we stand on our motion to quash. Or, in the alternative, if the Court prefers to hold that motion in abeyance, we stand with the other non-party complainants in urging the Court to—at a minimum—stage resolution of the discovery motions to reduce the burden on the non-party complainants like Ms. Boylan.

---

[5] As many times as Mr. Cuomo might repeat it, his outlandish theory is demonstrably false. The OAG Report took into account Mr. Cuomo's attempts to discredit Ms. Boylan and nevertheless concluded that "despite the intensity of the attacks on Ms. Boylan by the Governor and others within and outside of the Executive Chamber, and the refusal to even consider the possibility that she may have felt harassed, most of the factual allegations that Ms. Boylan has made are not disputed and those that are have corroboration…" STATE OF N.Y. OFF. OF THE ATT'Y GEN ("OAG"), Report of Investigation into Allegations of Sexual Harassment by Governor Andrew M. Cuomo ("Report"), (Aug. 1, 2021), https://ag.ny.gov/sites/default/files/2021.08.03_nyag_-_investigative_report.pdf (listing facts corroborated by documentary and witness evidence).

The Honorable Taryn A. Merkl
January 10, 2024

      The wisdom of the proposed staging of the discovery motions is all the more apparent when the Court considers the pending and soon-to-be-pending motions before the Court. We have heard much about a motion to strike, which certainly would narrow the issues and reduce burdens for non-party discovery by eliminating extraneous, non-material allegations in the Complaint, including those about Ms. Boylan. Similarly, a decision on the pending motions to dismiss also could narrow issues in a way that might well meaningfully limit the appropriate scope of discovery, especially as to non-parties. Lastly, a decision on a motion for summary judgment also could resolve either the entirety of the case or substantially whittle down the issues. For example, perhaps the question of the OAG Report's admissibility will be before the Court; if all or large parts of it do not come in—as may well be the case—that will be yet another reason why Ms. Boylan is not relevant to the case.

      In short, Ms. Boylan has nothing to offer of any relevance to this case, and she should be released from it. We are deeply concerned that Mr. Cuomo's counsel is weaponizing the discovery process to continue to peddle his theory that Ms. Boylan is a bad actor who is somehow different in kind and somehow hyper-relevant to his defense. To the contrary, she is an unrelated victim of Mr. Cuomo's harassment and his relentless acts of retaliation that continue to this day. She is a wife and a mother and a human being who is being pushed to her breaking point, and she is asking this Court to exercise its discretion and its compassion in its disposition of this matter.

      Sincerely,

*/s/ E. Danya Perry*
E. Danya Perry (No. 2839983)
Perry Law
157 East 86th Street, 4th Floor
New York, NY 10028
Email: dperry@danyaperrylaw.com
Telephone: (212) 840-7939
Facsimile: (646) 849-9609

Julie R. F. Gerchik
for Glaser Weil Fink Howard Jordan & Shapiro LLP

*Attorneys for Non-party Lindsey Boylan*