UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

TROOPER 1,

                         Plaintiff,

           -against-

NEW YORK STATE POLICE, ET AL.,

                        Defendants.

---------------------------------------------------------X

ANDREW M. CUOMO,

                        Movant,

           -against-

LINDSEY BOYLAN,

                        Respondent.

---------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-893 (LDH) (TAM)
23-MC-1587 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On February 17, 2022, Trooper 1 ("Plaintiff"), a member of former New York Governor Andrew Cuomo's Protective Service Unit ("PSU"), initiated this action alleging that Cuomo sexually harassed her and other state employees. (Compl., ECF No. 1.[1]) The amended complaint named as Defendants the New York State Police ("NYSP"), Cuomo, Melissa DeRosa, and Richard Azzopardi. (*See* First Am. Compl. ("FAC"), ECF No. 7; Second Am. Compl. ("SAC"), ECF No. 71.) Currently before the Court is a motion to intervene by JB Nichols, a journalist who maintains a blog called

---

[1] All references to the docket within this memorandum and order refer to docket number 22-CV-893.

*TheFreeLanceNews.org*. (Mot. to Intervene, ECF No. 124.[2]) Nichols requests the following relief: (1) that the Court unseal the transcript of the deposition of non-party Ana Liss-Jackson; (2) that the Court unseal text messages between Ms. Liss-Jackson and non-party Lindsey Boylan; (3) that the Court reconsider its prior order allowing Plaintiff to proceed under a pseudonym; and (4) that the Court permit the parties to "conduct the maximum amount of discovery allowed by law." (*Id.*) For the reasons discussed herein, the motion to intervene is granted, and the requests for relief are denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Of relevance to the current motion, on June 9, 2022, the Court granted Plaintiff's motion to proceed using a pseudonym without prejudice for Defendants to revisit the issue before trial.[3] (Mem. & Order, ECF No. 37.) On July 18, 2023, Defendant Cuomo filed a motion requesting to file under seal the transcript of Ms. Liss-Jackson's deposition testimony (the "Liss-Jackson Transcript"), which was granted on August 1, 2023. (Mot. for Leave to Electronically File Document Under Seal, ECF No. 93;[4] Aug. 1, 2023 ECF Order.) On July 19, 2023, Defendant Cuomo filed a motion requesting to file under seal, *inter alia*, the Liss-Jackson Transcript and text messages between Ms. Liss-Jackson and Ms. Boylan, which was granted in relevant part on December 26, 2023.

---

[2] The motion to intervene was filed in docket number 23-MC-1587 at ECF No. 28.

[3] This opinion assumes general familiarity with the substance and history of this case, as well as the fact that the New York State Office of the Attorney General and the New York State Assembly Judiciary Committee conducted investigations into allegations of sexual harassment by former Governor Cuomo while he was in office, which investigations resulted in public reports published in August 2021 and November 2021, respectively. *See generally Cuomo v. N.Y. State Assembly Judiciary Comm.*, ___ F. Supp. 3d ___, 2023 WL 4714097 (E.D.N.Y. July 21, 2023).

[4] A public, redacted version of this motion is filed at ECF No. 94.

(Mot. for Leave to Electronically File Document Under Seal, ECF No. 98;[5] Order, ECF No. 204.) On August 17, 2023, prior to the Court's ruling on Defendant Cuomo's second motion, Nichols filed the motion to intervene in this case. (Mot. to Intervene, ECF No. 124.) On August 21, 2023, Trooper 1 filed a letter from counsel for Ms. Liss-Jackson.[6] (Letter by Trooper 1, ECF No. 129.) Shortly thereafter, Defendant Cuomo and Nichols filed responses requesting that Ms. Liss-Jackson's letter be stricken. (Letter Resp., ECF No. 130; Letter to Mag. Judge Merkl, ECF No. 135.) On August 31, 2023, Plaintiff filed a memorandum in opposition to the motion to intervene. (Mem. of Law in Opp'n, ECF No. 143.) Nichols filed a reply on September 1, 2023. (Resp. to Pl.'s Mem., ECF No 146.)

## DISCUSSION

### I. Legal Standards

#### A. Motion to Intervene

Requests to intervene may be granted as of right or on a permissive basis under Rule 24 of the Federal Rules of Civil Procedure. To intervene as of right under Rule 24(a)(2), an intervenor must "claim[] an interest relating to the property or transaction that is the subject of the action," Fed. R. Civ. P. 24(a)(2), which interest must be "direct, substantial, and legally protectable," *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (quotation marks omitted). Permissive intervention, however, is "within the court's broad discretion." *Dorsett v. County of Nassau*, 289 F.R.D. 54, 70 (E.D.N.Y. 2012). The Federal Rules provide that " [o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main

---

[5] A public, redacted version of this motion is filed at ECF No. 210.

[6] Ms. Liss-Jackson's counsel has not appeared and does not intend to appear in this case. (*See* Cuomo Letter, ECF No. 110.)

action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "[T]he court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**B.  Requests for Reconsideration**

The standard for granting a motion for reconsideration is strict: "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quotation marks omitted).

**C.  Reasonable Reliance on a Confidentiality Order**

As a general matter, a district court should not modify a confidentiality order where "there has been reasonable reliance by a party or deponent" unless there is "a showing of . . . some extraordinary circumstance or compelling need." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) (quotation marks omitted). "There is a strong presumption against modifying protective orders because they serve the vital function of ensuring just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all relevant evidence." *Arcesium LLC v. Advent Software, Inc.*, No. 20-CV-4389 (MKV), 2022 WL 621973, at *3 (S.D.N.Y. Mar. 3, 2022) (citation omitted). This presumption is appropriate because "[i]f protective orders were easily modified . . . parties would be less forthcoming in giving testimony and less willing to settle their disputes." *TheStreet.Com*, 273 F.3d at 230.

4

Four relevant factors (the "*Charter Oak* factors") guide courts in the Second Circuit in the determination of whether a party has reasonably relied on a protective order: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 132 (E.D.N.Y. 2012) (quotation marks omitted); *see also Bartlett v. Société Générale de Banque au Liban SAL*, No. 19-CV-07 (CBA) (TAM), 2023 WL 8828864, at *4–5 (E.D.N.Y. Dec. 21, 2023) (applying the *Charter Oak* factors); *Arcesium*, 2022 WL 621973, at *3 (same); *Tradewinds Airlines, Inc. v. Soros*, No. 08-CV-5901 (JFK), 2016 WL 3951181, at *3–5 (S.D.N.Y. July 20, 2016) (same).

## II. Analysis

The Court construes the instant motion as (1) a motion to intervene; (2) a request that the Court reconsider its prior decision on Trooper 1's motion to proceed under a pseudonym; (3) a motion to de-designate and thus, in effect, to unseal certain court filings that include discovery that has been marked as confidential in this case, namely the Liss-Jackson Transcript and text messages between Ms. Liss-Jackson and Ms. Boylan; and (4) a request to allow the parties to conduct the maximum amount of discovery permitted.

### A. Motion to Intervene

As Nichols does not state whether he seeks intervention as of right or permissive intervention, the Court assesses the instant motion under the standard for permissive intervention. *See Dorsett*, 287 F.R.D. at 71 (collecting cases and noting that where permissive intervention is granted, the court need not reach the question of intervention as of right). While Rule 24(b) indicates that a motion to intervene must be "timely," in cases where the relief sought by an intervenor is limited to "modifying a protective

order to gain access to documents," the typical factors to assess a motion to intervene do not necessarily apply.[7] *See Application of Akron Beacon J.*, No. 94-CV-1402 (CSH), 1995 WL 234710, at *6 (S.D.N.Y. Apr. 20, 1995) (citing *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 (1st Cir. 1988)). The Court therefore finds that untimeliness is not a bar to intervention in this case.

Prejudice or delay is also not a substantial factor when considering a motion to intervene for the purpose of modifying protective orders. A court's interest in prejudice or delay to parties "encompasses the basic fairness notion that intervention should not work a last minute disruption of painstaking work by the parties and the court." *Public Citizen*, 858 F.2d at 786 (quotation marks omitted). Intervention related to an "ancillary issue" is not likely to "disrupt the resolution of the underlying merits" and prejudice the parties. *Cf. Application of Akron Beacon J.*, 1995 WL 234710, at *7. Here, the motion to intervene runs no risk of interfering with the merits of the case, and the Court finds that the parties will not be prejudiced by the intervention.

"[C]ourts in this Circuit have demonstrated a willingness to allow the press to intervene in situations such as this where the public's access to court documents is at stake." *Coleman v. County of Suffolk*, 174 F. Supp. 3d 747, 754 (E.D.N.Y. 2016) (citing

---

[7] Courts have held that the "timely" requirement is not applicable in circumstances like the instant motion and is not a bar to intervention even in long-closed cases. *See, e.g., Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157–58, 158 n.4 (S.D.N.Y. 2003) (granting a motion to intervene two years after the case was closed and noting that "Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when . . . intervention is for a collateral purpose" (quotation marks omitted)). *United States v. Erie County*, No. 09-CV-849S (WMS), 2013 WL 4679070, at *6 (W.D.N.Y. Aug. 30, 2013) (allowing intervention for the purpose of considering a motion to unseal where the motion to intervene occurred six months after the motion to seal), *rev'd on other grounds*, 763 F.3d 235 (2d Cir. 2014); *In re Pineapple Antitrust Litig.*, No. 04-MD-1628 (RMB) (MHD), 2015 WL 5439090, at *2 (S.D.N.Y. Aug. 10, 2015) (granting intervention by a journalist "many years" after the conclusion of the case).

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123–24 (2d Cir 2006)). The Court finds that timeliness concerns are inapplicable to the instant motion and that Nichols's requests would not tend to cause delay or prejudice to the parties; accordingly, the Court grants the motion to intervene.

### B. Trooper 1's Use of Pseudonym

Nichols argues that his reporting "is restricted by the Court's order allowing [Trooper 1] to proceed under a pseudonym" and asks the Court to require Trooper 1 to proceed using her name. (Mot. to Intervene, ECF No. 124, at 2.) Although Rule 10(a) of the Federal Rules of Civil Procedure requires that the title of a complaint name all the parties to the action, "in limited circumstances, courts may grant an exception to this rule and allow a plaintiff to proceed under a pseudonym when the plaintiff's interest in anonymity outweighs both the public interest in disclosure and any prejudice to the defendant." *Doe v. City Univ. of N.Y.*, No. 21-CV-9544 (NRB), 2021 WL 5644642, at *2 (S.D.N.Y. Dec. 1, 2021) (quotation marks omitted). The Second Circuit has established a non-exhaustive list of ten factors for courts to consider when balancing these interests (the "*Sealed Plaintiff* Factors"). *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). In the Memorandum and Order issued on June 9, 2022, the Court assessed these factors and concluded that Plaintiff has justified proceeding anonymously. (Mem. & Order, ECF No. 37, at 5.)

While Nichols does not address the factors in his motion to intervene, two of the *Sealed Plaintiff* Factors are of particular relevance in considering the instant motion — the first and eighth factors. The first factor is "whether the litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 190 (quotation marks and alteration omitted). Courts have found cases alleging sexual harassment to be "highly sensitive and of an extremely personal nature." *Doe v. Skyline*

7

*Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). Neither Nichols's motion nor the development of the litigation over nearly two years has brought to light any countervailing considerations related to the extremely sensitive nature of this litigation. The eighth factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." *Sealed Plaintiff*, 537 F.3d at 190. In cases where a plaintiff is challenging a governmental action, "it is in the public interest that the price of access to the courts not be too high," including the "risk [of] public scorn or . . . retaliation if [plaintiffs'] identities are made public." *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). Nichols argues that "the public interest is best served by a thorough airing of the facts in the search for truth in this case." (Mot. to Intervene, ECF No. 124, at 2.) However, as set forth in the Court's prior opinion, a balancing of the *Sealed Plaintiff* Factors weighs in favor of permitting Trooper 1 to proceed anonymously.

In addition, as the Court previously found, the Court has not identified "any alternative mechanisms for protecting Plaintiff's confidentiality in this case given the high level of interest the public and media would certainly have in Plaintiff given the nature of the allegations set forth in the Amended Complaint." (Mem. & Order, ECF No. 37, at 9.) In his motion, Nichols does not raise any new arguments or information that alter the Court's analysis of the proper balancing of the *Sealed Plaintiff* Factors. Accordingly, Nichols's request for reconsideration of the Court's decision to allow Trooper 1 to proceed using a pseudonym is denied.

## C.  The Liss-Jackson Transcript

Nichols states that he is in possession of the Liss-Jackson Transcript and that "[a] court order requiring it be sealed would deprive [him] of [his] First Amendment rights to publish and report on the Liss[-Jackson] deposition." (Mot. to Intervene, ECF No. 124, at 1.) As noted above, at the time Nichols filed his motion, the Court had granted one

motion to file the Liss-Jackson Transcript under seal and had received another. (Aug. 1, 2023 ECF Order; Mot. for Leave to Electronically File Document Under Seal, ECF Nos. 98, 210.) The Court later granted the second motion to file the Liss-Jackson Transcript under seal. (Order, ECF No. 204.) In addition, as discussed at length in a separate opinion filed today concerning de-designation of the Liss-Jackson Transcript, the Court finds that Ms. Liss-Jackson may mark the transcript as confidential under the amended confidentiality order and that she has demonstrated reliance on the amended confidentiality order in this case. (Mem. & Order, ECF No. 252.) Nothing in Nichols's motion alters the Court's conclusion. As discussed in the Court's separate opinion, the Court finds that Ms. Liss-Jackson reasonably relied on the amended confidentiality order, (*see* Mem. & Order, ECF No. 252, at 23), and that a presumption against modification applies such that "a district court should not modify the [confidentiality] order 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" *Tradewinds Airlines, Inc.*, 2016 WL 3951181, at *1 (second alteration in original) (quoting *TheStreet.Com*, 273 F.3d at 229). Nichols has not shown any "extraordinary circumstance or compelling need" that would support de-designation. Accordingly, the Court declines to de-designate the Liss-Jackson Transcript.

Given the timing of Nichols's motion, it could also be interpreted a request for reconsideration of the Court's August 1, 2023 ECF Order allowing the Liss-Jackson Transcript to be filed under seal. Nichols cites *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019), for the proposition that "documents [the Court] relies on to decide motions and resolve disputes between parties generally must be made public," and therefore, the Liss-Jackson Transcript should not be sealed. (Mot. to Intervene, ECF No. 124, at 1.) *Brown* applies the well-settled principle that a strong presumption of access attaches to

judicial documents. 929 F.3d at 47 (citing *Lugosch*, 435 F.3d at 121). The Court has

considered *Lugosch* and found that the Liss-Jackson Transcript is essentially discovery

material, not a judicial document to which the presumption of public access attaches.

(Order, ECF No. 204, at 3 n.1; Mem. & Order, ECF No. 252, at 25 n.14.) The *Brown* case

does not alter the Court's analysis as to the appropriateness of sealing the filings that

include the Liss-Jackson Transcript. In *Brown*, the Second Circuit considered whether

materials submitted to the district court for its consideration in a summary judgment

motion, as well as various other motions, constituted judicial documents. 929 F.3d at

47–50. The court found that the district court erred in applying a lesser presumption of

public access to the summary judgment materials because it denied the motion for

summary judgment, *id.* at 48 — an issue not relevant in the instant motion. In *Brown*, the

Second Circuit also criticized the district court's process, by which it "disposed of the

requirement that the parties file individual letter briefs to request sealing and [instead]

prospectively granted all of the parties' future sealing requests." *Id.* at 46. This had

resulted in the filing under seal of 167 documents, nearly one-fifth of the docket. *Id.*

Unlike the district court in *Brown*, the Court here has *specifically* considered whether the

filings that include the Liss-Jackson Transcript should be sealed and whether the

transcript was appropriately designated confidential. (Order, ECF No. 204, at 3 n.1;

Mem. & Order, ECF No. 252.) As the Second Circuit acknowledged in *Brown*, "the mere

filing of a paper or document with the court is insufficient to render that paper a

judicial document subject to the right of public access." *Brown*, 929 F.3d at 49. Moreover,

the Liss-Jackson Transcript is discovery material, which is not traditionally afforded a

public right of access. *Cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984) ("A litigant

has no First Amendment right of access to information made available only for

purposes of trying his suit. . . . [R]estraints placed on discovered, but not yet admitted,

information are not a restriction on a traditionally public source of information."). For these reasons, the Court declines to de-designate the Liss-Jackson Transcript.

### D. Text Messages

With regard to the text messages, Nichols states that those attached as exhibits to the Liss-Jackson Transcript are redacted,[8] and he suggests that if the Court declines to seal the transcript, "it should unseal the text messages as well." (Mot. to Intervene, ECF No. 124, at 2.) As set forth in the Court's December 26, 2023 Order, the Court considered "the well established right of public access to judicial documents and the public's interest in monitoring the administration of justice" and determined that the text messages may be filed under seal. (Order, ECF No. 204, at 2–3.) The text messages are not judicial documents and Ms. Liss-Jackson has demonstrated reliance on the amended confidentiality order in this case, which permitted her to mark the text messages confidential. (Mem. & Order, ECF No. 252, at 23.) Nothing in Nichols's motion alters the Court's analysis as to the propriety of affording non-party witnesses confidential treatment of their private, personal communications.

### E. Maximum Discovery

Finally, Nichols states that "[a]s a journalist," he requests that the Court "should allow both sides . . . to conduct the maximum amount of discovery allowed by law[] . . . because the public interest is best served by a thorough airing of the facts in the search

---

[8] On July 19, 2023, Cuomo filed under seal five pages of text messages between Ms. Boylan and Ms. Liss-Jackson that have been produced and designated confidential by Ms. Liss-Jackson. (Ex. 4, ECF No. 98-4.) On January 17, 2024, Cuomo filed under seal a screenshot of a portion of one page of the text messages filed on July 19. (Mot. for Disclosure, ECF Nos. 221, 222, at 4 (sealed and unsealed versions of Cuomo's motion for disclosure).) While it is not clear to which text messages Nichols refers in his motion, Ms. Liss-Jackson has designated confidential "[a]ny and all text messages between [her and] witness Lindsey Boylan." (Liss-Jackson Letter, ECF No. 110-1, at 4.)

for the truth in this case." (Mot. to Intervene, ECF No. 124, at 3.) The Court finds that Nichols does not have standing to make this request of the Court.[9] While Nichols's other requests seek to access already-existing discovery materials, here Nichols appears to be requesting that the Court weigh the media's possible interest in discovery materials in evaluating discovery rulings and case management determinations. Nichols has not cited any authority in support of this request and the Court is not aware of any. The request is denied.

## CONCLUSION

For the reasons discussed herein, Nichols's motion to intervene is granted, and the relief requested is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
        March 29, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[9] The Court of course recognizes that the "Second Circuit . . . and its district courts consistently have held that news agencies have standing to challenge protective orders in cases of public interest." *Savitt v. Vacco*, Nos. 95-CV-1842 (RSP) (DRH), 95-CV-1853 (RSP) (DRH), 1996 WL 663888, at *7 (N.D.N.Y. Nov. 8, 1996). Having standing to seek existing discovery's public release is a very different question than a non-party's standing to seek "maximum" discovery. (Mot. to Intervene, ECF No. 124, at 3.)